UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DANIEL L. ALLEN,                                    )
                                                   )
                              Plaintiff,           )
                                                   )
                    v.                             )          No. 1:21-cv-03117-JPH-DLP
                                                   )
HYATTE, et al.                                     )
                                                   )
                              Defendants.          )

**ORDER SCREENING AND DISMISSING COMPLAINT**

Indiana prisoner Daniel Allen brings this lawsuit alleging violations of his

civil rights. He alleges that prison officials at Miami Correctional Facility failed

to protect him from an assault by fellow inmates and that prison medical

providers and medical staff at Miami Correctional Facility and New Castle

Correctional Facility failed to treat his injuries. Because Mr. Allen is a prisoner,

the Court must screen his complaint before directing service on the defendants.

28 U.S.C. § 1915A.

**I. LEGAL STANDARD**

The Court will dismiss the complaint, or any portion of the complaint, if it

is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court applies the standard for a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The

complaint "must contain sufficient factual matter, accepted as true, to state a

claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. THE COMPLAINT

The complaint names the following defendants: Miami Correctional Facility Warden Hyatte, New Castle Correctional Facility Warden Mark Sevier, Wexford Health LLC, Centurion Health, Indiana Dept. Correction, Dr. Michael Mitcheff, Miami Correctional Facility physician Dr. K. Myers, Dr. Marano, New Castle Correctional Facility physician Dr. John Nwannunu, Miami Correctional Facility Unit Manager Angle, Case Manager John Doe, and Officer John Doe.

The complaint makes the following allegations:

On April 9, 2021, Mr. Allen informed "staff" at Miami Correctional Facility that he was "having an issue and feared for his life." Dkt. 1, para. 17. Later, he was assaulted by his cellmate and four other gang members. *Id.* at para. 18.

On May 28, 2021, Mr. Allen was stabbed multiple times by "an inmate affiliated with a known gang." *Id.* at para. 20. After the stabbing, Mr. Allen was seen by medical staff. An unnamed prison physician denied his request to be taken to an outside hospital.[1] *Id.* at para. 23.

---

[1] Much of the text in Mr. Allen's complaint is faded and illegible. It is not clear whether Mr. Allen meant to leave this physician unnamed. Mr. Allen will have an opportunity to file an amended complaint. This action will not be dismissed solely because sections of text in the original complaint are illegible.

On June 3, 2021, Mr. Allen was taken to Kokomo Community Hospital. *Id.* at para. 25. He was later transported to St. Vincent's Hospital in Indianapolis. *Id.* at para. 27. On June 9, 2021, he was transported back to Miami Correctional Facility. *Id.* at para. 28.

On June 15, 2021, Mr. Allen was told that his left shoulder was fractured and that he would see a specialist. *Id.* at para. 39.

On July 1, 2021, Mr. Allen was seen by a specialist who requested a follow-up appointment in three weeks. The follow-up appointment did not occur. *Id.* at para. 40.

Also on July 1, 2021, the Indiana Department of Correction changed its medical provider from Wexford to Centurion.

On July 12, 2021, Dr. John Doe prescribed Tylenol for Mr. Allen's pain. This medication was ineffective. *Id.* at para. 42.

On August 26, 2021, Mr. Allen was transported to New Castle Correctional Facility. He was not seen by the medical staff for nearly three months.

On October 28, 2021, Mr. Allen had an appointment with Dr. Nwannunu. *Id.* at para. 35. Dr. Nwannunu placed a request for Mr. Allen to see a physical therapist. *Id.*

On November 10, 2021, Mr. Allen had an appointment with a physical therapist. *Id.* at para. 36. This was Mr. Allen's only appointment with a physical therapist. *Id.* at para. 37.

### III. DISCUSSION

For the following reasons, Mr. Allen's complaint is **dismissed for failure to state a claim upon which relief may be granted**.

Mr. Allen's claims against the Indiana Department of Correction are barred by the Eleventh Amendment, which provides Indiana and its agencies with immunity from private lawsuits. *See Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005); *Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016).

Mr. Allen's claims against all "John Doe" defendants are dismissed because suing unnamed defendants in federal court is generally disfavored by the Seventh Circuit. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("It is pointless to include an anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. Civ. P. 15, nor can it otherwise help the plaintiff.") (cleaned up)).

Mr. Allen's claims against Warden Hyatte and Warden Sevier are dismissed because he has not alleged that these defendants directly caused him to suffer a constitutional violation or that they knew about a constitutional violation and failed to act within their authority to remedy a violation. Instead, the complaint merely alleges that Warden Hyatte is "legally responsible for the operation of [Miami Correctional Facility] and the welfare of all inmates at the prison" and that Warden Sevier "is legally responsible for all that goes on inside" New Castle Correctional Facility. Dkt. 1, paras. 51, 53. This is insufficient to state a claim

4

under § 1983. "Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Mr. Allen's claims against Wexford and Centurion are dismissed because he has not alleged that a Wexford or Centurion policy or custom caused him to suffer a constitutional deprivation. Instead, he merely alleges that these defendants have "control over policy, treatment, and care [for] their inmate patients." Dkt. 1, paras. 57, 59. Despite reference to policies and practices generally, the complaint does not identify a specific policy or custom that caused Mr. Allen to suffer constitutionally inadequate medical care. To be liable under § 1983, private corporations acting under color of state law must have a policy or custom that resulted in a constitutional deprivation. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002); *Estate of Moreland v. Dieter*, 395 F.3d 747, 758-59 (7th Cir. 2004).

Mr. Allen's claims against Dr. Mitcheff are dismissed because the complaint does not allege sufficient facts to support a reasonable inference that Dr. Mitcheff was deliberately indifferent to a serious medical need. The complaint does not allege that Dr. Mitcheff was a treating physician; it merely states that

Mr. Allen believes "that Dr. Mitcheff is denying Plaintiff Allen essential healthcare due to cost cutting measures." Dkt. 1, para. 68. The complaint does not state what treatment Dr. Mitcheff has denied Mr. Allen. Even under the liberal screening standard set forth above, stating a claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Mr. Allen's claims against Dr. Marano are dismissed because he has not identified Dr. Marano as a person acting under color of state law. The complaint does not list Dr. Marano in "Part III Defendants" or in "Part III Facts." *See* dkt. 1, pp. 2-8. Instead, the complaint only mentions Dr. Marano in a single paragraph within "Part V Legal Claims." *Id.* at para. 65. The complaint does not identify Dr. Marano as a state employee or as a prison physician. Further, the complaint does not make more than conclusory statements alleging inadequate care; it does not state what Dr. Marano did or failed to do that amounts to constitutionally inadequate medical care. *Id.*

Mr. Allen's claims against Dr. Myers and Dr. Nwannunu are dismissed because the complaint does not create a reasonable inference that they were deliberately indifferent to his serious medical needs. The only allegation against Dr. Myers is that he did not send Mr. Allen "to an outside hospital" and assumed "that his wounds were superficial." *Id.* at para. 63. At most, this might constitute negligence, but these allegations do not create a reasonable inference that Dr. Myers' decision to delay Mr. Allen's transport to an offsite hospital was "so far afield of accepted professional standards as to raise the inference that it was

6

not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).

As to Dr. Nwannunu, the complaint alleges that he met with Mr. Allen for a single appointment three months after Mr. Allen was transported to New Castle Correctional Facility. Dkt. 1, paras. 32, 34, 35. The complaint does not allege that Dr. Nwannunu was responsible for this three-month delay. Following this appointment, Dr. Nwannunu made a request for Mr. Allen to see a physical therapist. *Id.* at para. 35. The complaint does not allege that Dr. Nwannunu was personally involved in the any failure to schedule Mr. Allen for additional physical therapy appointments. Although the complaint does allege that Dr. Nwannunu did not prescribe Mr. Allen with pain medication, *id.* at para. 67, the complaint does not allege that Dr. Nwannunu was aware that Mr. Allen needed pain medication or that he was in extreme pain.

## IV. OPPORTUNITY TO AMEND

The dismissal of the complaint will not, at this time, lead to the dismissal of the action. Mr. Allen **21 days from the issuance of this Order** to file an amended complaint. The amended complaint will completely replace the original. Thus, it must set forth every defendant, factual allegation, and legal claim Mr. Allen wishes to pursue in this action. A federal complaint must include "a short and plain statement of the claim" and "a demand for the relief sought." Fed. R. Civ. P. 8(a).  In other words, it should clearly specify the defendants against whom claims are raised; explain what those defendants did, and when; and explain what the plaintiff is seeking.  *See id.*  It must also include the words

7

"Amended Complaint" and "Case No. 1:21-cv-3117-JPH-DLP" on the first page. If Mr. Allen chooses to file an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A.

The **clerk is directed** to send Mr. Allen a prisoner complaint form with his copy of this Order. Mr. Allen must use this form if he chooses to file an amended complaint.

**SO ORDERED**.

Date: 6/3/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DANIEL L. ALLEN
144538
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362