UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL L. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-03117-JPH-DLP |
| | ) |
| HYATTE, | ) |
| MARK SEVIER, | ) |
| WEXFORD HEALTH LLC, | ) |
| INDIANA DEPT. CORRECTION, | ) |
| CENTURION HEALTH, | ) |
| MICHAEL MITCHEFF, | ) |
| K. MYERS, | ) |
| JOHN NWANNUNU, | ) |
| ANGLE, | ) |
| MARANDET, | ) |
| | ) |
| Defendants. | ) |

**Order Screening and Dismissing Amended Complaint and
Directing Entry of Final Judgment**

Daniel Allen is an Indiana prisoner at New Castle Correctional Facility. The Court previously dismissed his original complaint for failure to state a claim and directed him to file an amended complaint to avoid dismissal of the action.

The amended complaint includes allegations that occurred at Miami Correctional Facility, which is in the Northern District of Indiana, and New Castle Correctional Facility, which is in the Southern District of Indiana. The amended complaint does not state a claim arising from the allegations that occurred at New Castle Correctional Facility, and these claims are therefore **dismissed**. Venue is not proper for his remaining claims arising from the allegations at Miami Correctional Facility. Accordingly, those claims are **dismissed without**

**prejudice**. Nothing in this Order prevents Mr. Allen from refiling those claims in the Northern District of Indiana within the statute of limitations.

## I. SCREENING STANDARD

The Court will dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915€(2)(B). The Court applies the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. THE AMENDED COMPLAINT

The amended complaint names the following defendants. William Hyatte, Mark Sevier, Indiana Department of Correction ("IDOC"), Centurion Health, Wexford, Dr. Michael Mitcheff, K. Myers, Angle, Dr. Marandet, and Dr. John Nwannunu. Mr. Allen seeks compensatory and punitive damages and injunctive relief.

The complaint makes the following allegations: On April 9, 2021, while he was incarcerated at Miami Correctional Facility, Mr. Allen told Mr. Angle that he was concerned for his safety. Dkt. 11, paras. 41-42. Mr. Angle ignored Mr. Allen's complaint. *Id.* On May 28, 2021, Mr. Allen was stabbed repeatedly by his cell mate. *Id.* at paras. 43-44. He was taken to the infirmary, and onsite physicians Dr. Myers and Dr. Marandet refused to send him to an outside hospital. *Id.* at para. 47. Regional Medical Director Dr. Michael Mitcheff also ordered that Mr. Allen's injuries be treated onsite. *Id.* at para. 23. Six days later, Mr. Allen had blood in his stool, and he was transported to Kokomo Community Hospital. *Id.* at para. 48

Physicians at Kokomo Community Hospital placed a tube in Mr. Allen's chest to treat his collapsed lung and gave him a blood transfusion. *Id.* at paras. 49-50. He was then transported by ambulance to St. Vincent Hospital in Indianapolis, where he received additional treatment. *Id.* at para. 51.

After six days at St. Vincent, Mr. Allen was transported back to Miami Correctional Facility. *Id.* at para. 52. On August 2, 2021, Mr. Allen requested physical therapy to rehabilitate his shoulder. *Id.* at para. 54.

On August 26, 2021, Mr. Allen was transported to New Castle Correctional Facility. *Id.* at para. 55. Contrary to IDOC policy, the nurses at New Castle Correctional Facility did not provide him with a medical intake assessment. *Id.* On August 30, 2021, Mr. Allen submitted a health care request that was ignored. *Id.* at para. 56. On October 18, 2021, Mr. Allen had his first medical appointment at New Castle Correctional Facility, and he met with a nurse. *Id.* at para. 59.

On October 21, 2021, Mr. Allen had an appointment with Dr. Nwannunu, who ordered physical therapy for Mr. Allen's shoulder. *Id.* at para. 60.

On November 10, 2021, Mr. Allen had his first physical therapy appointment. *Id.* at para. 61. Mr. Allen was supposed to have three additional physical therapy appointments, but these appointments did not occur. *Id.* at para. 62.

### III. Dismissal of Amended Complaint

Based on the screening standard set forth above, the claims that are proper in this district are dismissed for failure to state a claim upon which relief may be granted. All other claims are dismissed without prejudice.

**A. Claims that are Dismissed**

All claims against IDOC are dismissed because lawsuits against state agencies in federal court violate the Eleventh Amendment. *Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016); *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005).

All claims against Wexford and Centurion are dismissed because the complaint does not allege that Mr. Allen suffered a constitutional violation as a result of a Wexford or Centurion policy or custom. *Dean v. Wexford Health Sources, Inc.*, 18 F. 4th 214, 235 (7th Cir. 2021). Wexford and Centurion may not be held liable for the actions of their employees in a § 1983 suit based on a theory of *respondeat superior. Id.*

The amended complaint names two defendants who were allegedly deliberately indifferent to Mr. Allen's serious medical needs when he was at New

4

Castle Correctional Facility—Warden Mark Sevier, and onsite medical director Dr. John Nwannunu.

The amended complaint alleges that Warden Sevier "is legally responsible for the operation of NCCF and for the welfare of all inmates at the prison." Dkt. 11, para. 11. It goes on to allege that Warden Sevier "failed to carry out his duty to oversee his subordinates," *id.* at para. 12, and that he was "made aware of his subordinates' actions and non-actions through the grievance process," *id.* at para. 13.

Mr. Allen has submitted a grievance document as an exhibit to the amended complaint. *See* dkt. 11-12. This document shows that Mr. Allen submitted a grievance on September 6, 2021, regarding the failure of the medical staff to provide him with treatment. *Id.* The Grievance Specialist wrote, "No documentation showing offender has requested treatment at NCCF. Will be added to NSC list for evaluation. Grievance Addressed." *Id.* The Warden's Designee, I. Randolph, reviewed Mr. Allen's grievance appeal and denied it on November 15, 2021.

The Seventh Circuit has cautioned that not every individual with knowledge of a constitutional violation is liable for that violation in an action brought under § 1983. *E.g., Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc) (holding that mere "knowledge of a subordinate's conduct is not enough for liability"); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (holding that "[the plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999

5

other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care.  That can't be right.").

To be sure, a non-medical prison official may be deliberately indifferent to a prisoner's serious medical need when the official "knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 771 (7th Cir. 2015) (cleaned up). But in this case, the amended complaint and Mr. Allen's grievance document show the opposite. *See Lindell v. Huibregste,* 205 F. App'x 446, 449 (7th Cir. 2006) (Documents that are attached as exhibits to a complaint are deemed to be part of the complaint for all purposes and are properly considered by the court at screening. (citing Fed. R. Civ. P. 10(c) and *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005)). Mr. Allen used the grievance process, and non-medical prison officials intervened to ensure that Mr. Allen was seen by the medical staff. Accepting as true the allegation that Warden Sevier learned that Mr. Allen had not been evaluated by the medical staff upon his arrival at the facility, dkt. 11 at para. 13, the amended complaint does not create a reasonable inference that Warden Sevier turned a blind eye to Mr. Allen's medical needs because he and/or members of his staff took action within their authority to order the medical staff to provide him with an appointment. Accordingly, the claims against Warden Sevier are dismissed.

Moving on to the claims against Dr. Nwannunu, the amended complaint alleges that Dr. Nwannunu had an appointment with Mr. Allen on October 28, 2021. Dkt. 11, para. 60. At this appointment, Dr. Nwannunu ordered physical therapy for Mr. Allen's shoulder, which he began on November 10, 2021. *Id.* at paras. 60-61. This allegation does not create a reasonable inference of deliberate indifference. To the contrary, the allegation is that Mr. Allen needed physical therapy, and Dr. Nwannunu order it for him.

It appears that Mr. Allen is attempting to sue Dr. Nwannunu for the actions of his subordinates. *See id.* at para. 33 ("Nwannunu, medical director at NCCF, oversee all medical subordinates. RN's are to perform intake medical assessments with[in] 24 hours upon arrival of new inmates. This did not take place for three months."). This is not a viable theory for suits brought under § 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Accordingly, the claims against Dr. Nwannunu are dismissed.

### B. Claims that are Dismissed without Prejudice

The remaining claims in this action arise from allegations that occurred at Miami Correctional Facility. These claims include allegations that Angle failed to protect Mr. Allen from the stabbing on May 28, 2021, and the allegations that Dr. Myers, Dr. Marandet, and Dr. Mitcheff were deliberately indifferent to his serious medical need after the stabbing. Mr. Allen also alleges that he remains

7

unable to identify the two "John Doe" defendants from his original complaint, dkt. 11 at 1–2, and his original complaint makes clear that they are also at Miami Correctional Facility, dkt. 1 at 4.

For all civil actions brought in district courts of the United States, venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Miami Correctional Facility is located in the Northern District of Indiana. 28 U.S.C. § 94(a)(2). All the remaining allegations in this lawsuit—the stabbing and the failure of the defendant physicians to transport Mr. Allen to a hospital—occurred at Miami Correctional Facility and therefore in the Northern District of Indiana. There is no indication that any of the remaining defendants reside in the Southern District of Indiana. Thus, venue is proper in the Northern District of Indiana and improper in this District.

When a lawsuit is filed in an improper district, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a).

In this case, the Court elects to dismiss the claims arising from the allegations at Miami Correctional Facility rather than transfer them to the

Northern District of Indiana for four reasons. First, the statute of limitations has not expired (the statute of limitations to bring a § 1983 lawsuit in Indiana is two years, *see Julian v. Hanna,* 732 F.3d 842, 844–45 (7th Cir. 2013)), and Mr. Allen may bring his claims against the remaining defendants in a new civil action. Second, the allegations that occurred at Miami Correctional Facility were misjoined to the allegations that occurred at New Castle Correctional Facility. They involve different conduct committed by different defendants at different facilities months apart, and they should not have been brought in the same lawsuit to begin with. *See* Fed. R. Civ. P. 18, 20. Third, the amended complaint includes claims and defendants that have been dismissed, and transferring the case to the Northern District may lead to confusion. Finally, if the claims based on circumstances that occurred at Miami Correctional Facility were severed *sua sponte*, a new action would be opened, and Mr. Allen would be responsible for the filing fee associated with the new case and the screening requirement of 28 U.S.C. § 1915A(b) would be triggered. Mr. Allen should have the opportunity to decide whether to pursue his claims in the Northern District of Indiana before he incurs another financial obligation. For all of these reasons, dismissal without prejudice would not injure any party. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (deciding district court is "duty-bound" to "avoid gratuitous harm to the parties").

### IV. Conclusion

The claims against IDOC, Wexford, Centurion, Mark Sevier, and Dr. Nwannunu are **dismissed** for failure to state a claim upon which relief may be

9

granted. The claims against Dr. Michael Mitcheff, Dr. Marandet, and Dr. Myers are **dismissed without prejudice** for improper venue. Nothing in this Order prevents Mr. Allen from refiling his claims against Dr. Michael Mitcheff, Dr. Marandet, and Dr. Myers in the Northern District of Indiana within the statute of limitations. Final judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date: 8/24/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DANIEL L. ALLEN
144538
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362